1

2

3

4

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

7

8

9

10

11

NU VISION ENGINEERING, INC.,

Plaintiff,

v.

BECHTEL NATIONAL, INC.,

Defendant.

NO:  4:16-CV-5056-RMP

ORDER DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT

12

13

BEFORE THE COURT is Plaintiff's Motion for Partial Summary Judgment,
ECF No. 24.  The Court has reviewed the motion, the record, and is fully informed.

14

**BACKGROUND**

15

16

17

18

19

20

Plaintiff, NuVision Engineering, Inc. ("NVE"), has a contractual
relationship with Defendant, Bechtel National, Inc. ("BNI") that is governed by
Purchase Order No. 24590-QL-POA-MJW0-00002 ("PO").  *See* ECF No. 24 at 27.
Under the terms of the PO, NVE contracted to provide four power manipulators, a
control system, and a hydraulic interface unit as part of the Waste Treatment

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 1

1  Project at Hanford Nuclear Site. *See id*. NVE currently is performing work

2  according to the terms of the PO. *Id*.

3     NVE filed a First Amended Complaint on July 25, 2016, bringing six causes

4  of action alleging that BNI breached various contractual duties stemming from the

5  PO. *See* ECF No. 3. In the present motion, NVE seeks summary judgment

6  regarding its fifth and sixth causes of action; Count Five is for "Unauthorized and

7  Extra Contractual Suspensions," and Count Six is for "Anticipatory Repudiation of

8  the Purchase Order." ECF No. 24 at 3. NVE states that both claims are premised

9  on NVE's allegations that BNI:

10        breached the purchase order by engaging in acts that fall outside of: (1)
11        the terms of the purchase order; (2) the administrative framework of the
          Federal Acquisition Regulation (FAR), which is incorporated by
          reference into the purchase order; and (3) the federal common law of
12        Government contracts, which also is imported by reference into the
          purchase order.

13  *Id*. at 7.

14     Although this is a suit regarding alleged breaches of contractual terms, NVE

15  does not cite to any specific terms within the PO that are allegedly being breached.

16  Instead, NVE's motion relies on various "line[s] of cases" that NVE argues support

17  a finding of material breach by BNI. *Id*. at 16-17. To further elaborate on the

18  factual bases for its claims, NVE argues that "three long standing impacts [sic] that

19  are BNI's responsibility are constraining progress under the purchase order." *Id*. at

20  10. More specifically, NVE alleges that:

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 2

with respect to: (1) lack of direction on "soft" parts and electrical components; (2) lack of technical direction on the design and analysis of fire assessment; and (3) lack of direction on the surface finish requirements on certain components were so extreme and egregious as to remove them from the FAR-based administrative framework and to place them squarely into the realm of material contract breach.

*Id.* at 7-8.

NVE alleges that following each of the foregoing "suspensions," NVE sought assurances from BNI that NVE would receive sufficient information to continue work under the PO, but that "BNI has failed to provide such assurances." ECF No. 24 at 13-14.  At oral argument, Plaintiff's counsel clarified that due to the alleged "lack of direction" and alleged failure to provide assurances, NVE seeks an order finding that BNI breached its duties in the PO and finding that NVE is entitled to expectation damages in an amount to be proven at trial.

## ANALYSIS

The moving party is entitled to summary judgment when there are no disputed issues of material fact when all inferences are resolved in favor of the non-moving party.  *Northwest Motorcycle Ass'n v. United States Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994); FED. R. CIV. P. 56(c).  If the non-moving party lacks support for an essential element of their claim, the moving party is entitled to judgment as a matter of law regarding that claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  At the summary judgment stage, the Court does not weigh the evidence presented, but instead determines whether it supports a

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 3

necessary element of the claim. *Id*. To prevail at the summary judgment stage, a party must establish that a fact cannot be genuinely disputed and that the adverse party cannot produce admissible evidence to the contrary. FED. R. CIV. P. 56(c). Once the moving party has met their burden, the non-moving party must demonstrate that there is probative evidence that would allow a reasonable jury to find in their favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 251 (1986).

At the summary judgment stage, the Court must determine whether there exists a genuine dispute over an issue of material fact. In determining whether there are disputed facts that are material, the Court analyzes Plaintiff's legal theories.

**Legal Authority**

Before arguing why BNI's actions should be found to have breached the PO, NVE cites two "line[s] of cases" where it argues "[i]ssues of material contract breach often arise" in Government contract law. ECF No. 24 at 16-17. The first line of cases addresses the issue of "whether the contractor has a 'duty to proceed' in response to a purported change under the *Changes* clause." *Id*. The second line of cases raises the issue of "whether the Government's action relates to a matter of vital importance or goes to the essence of the contract." *Id*.

It is unclear how Plaintiff's discussion of the first "line of cases" (that consists of citations to decisions of administrative law judges) is relevant to the

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 4

1    relief he seeks.  NVE references circumstances when a party does not have a duty

2    to proceed or when a failure to proceed may be excused, while NVE makes clear

3    that it is proceeding with performance under the PO.  *See* ECF No. 24 at 8.

4           Plaintiff's discussion of the second "line of cases" includes examples of

5    actions that have been found to be material breaches of contracts, including:

6    unreasonable and untimely inspections; a three-month delay in informing the

7    contractor of defects in the work; evasively failing to tell a contractor whether its

8    work complied with specifications; and "refusal to define the standard of

9    performance or to accept or reject work, thereby violating the duty of good faith

10   and fair dealing."  *Id*. at 19-20 (internal citations omitted).

11          Despite Plaintiff's concession at oral argument that the Court's inquiry

12   under the lines of cases NVE relies upon is fact-specific, Plaintiff argues for a

13   bright-line rule that a delay lasting longer than one-year should be viewed as a

14   material breach.  Although an egregious and unjustified delay may be found to be a

15   material breach in a hypothetical case, NVE fails to direct the Court to any legal

16   basis to find that a bright-line rule, even a delay lasting longer than one year,

17   justifies a finding of material breach as a matter of law.  The Court rejects

18   Plaintiff's proposed "bright-line rule" of one year as a basis for finding that BNI

19   committed a material breach.

20   / / /

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 5

**Count V: Unauthorized and Extra Contractual Suspensions**

Regarding Count Five, NVE argues that "BNI materially breached the Purchase Order by failing to provide adequate direction in response to NuVision's Repeated Requests."  ECF No. 24 at 20.  NVE broadly references the "cases discussed above" to argue that the Court should find a "material contract breach" due to the delay resulting from BNI's lack of direction regarding "([i]) the design and analysis of the fire assessment, (ii) the expired 'soft' parts and electrical components in the hydraulic system, and (iii) the surface finish requirements on certain components."  *Id*.  NVE states that delays "easily exceed[] one year in duration," but fails to provide authority to support the significance of a one-year time period. *Id*. at 11.

Regarding the fire assessment, NVE alleges that it took one year from the date that BNI first informed NVE of a new requirement of a fire assessment before NVE received a notice of a change to the contract that NVE would need to conduct the assessment.  *Id*. at 10.  A review of the relevant document demonstrates that NVE signed the notice, indicating its acceptance of that notice on May 4 of 2014.  *Id*. at 43.  NVE alleges that it submitted the requisite analysis in September of 2014 and that eight months later, BNI responded that NVE had used the wrong specification.  *Id*. at 10-11.  NVE asserts that contrary to BNI's response, the PO

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 6

1  specified that NVE should have used the standard that it had relied on in its

2  assessment.  *Id*. at 11.

3       NVE alleges that there has not yet been a contract modification that

4  identifies the proper standard, and that has resulted in a "complete 'hold' on that

5  work."  *Id*. at 11.  However, the proper standard appears to be identified in the

6  Comment Disposition Form, which was filed as an exhibit to NVE's motion, *see*

7  ECF No. 24 at 204, and NVE was advised that "work may proceed subject to

8  resolution of indicated comments."  *Id*. at 203.  NVE states that this "lack of

9  receipt of adequate direction on this issue" has resulted in a continuing delay that

10  "easily exceeds one year in duration."  *Id*. at 11.  However, BNI has produced

11  evidence demonstrating that BNI urged NVE to continue work under the PO that

12  was feasible and that NVE caused delays.  *See e.g.*, ECF No. 27-2 at 4.

13       The second "impact" is similar in that NVE alleges another "lack of

14  direction," this time in reference to expired "soft" parts and electrical components.

15  NVE recommended that parts of a hydraulic system and electrical components be

16  replaced but "[t]o date, BNI has not provided adequate direction on how to proceed

17  on this issue."  ECF No. 24 at 12.  NVE alleges that this lack of direction caused a

18  delay that "easily exceeds one year . . . ."  *Id*.  However, BNI disputes NVE's

19  characterization and argues that NVE agreed to defer resolution of this issue.  *See*

20  ECF No. 27-4 at 23.

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 7

1    The third "impact" is what NVE alleges is "the changing BNI positions and

2    direction in the surface finish requirements on certain components."  ECF No. 24

3    at 12.  NVE alleges that after removing a hold on the project, "as part of the

4    negotiation to establish a new cost estimate to complete the order, BNI agreed to

5    simplify certain design requirements in order to minimize the cost increases to the

6    equipment."  *Id*.  NVE alleges that one of those design simplifications was that

7    surface finish requirements on components exposed to radiation would be changed

8    from 63 Micro-Inches to 125 Micro-Inches on machined surfaces.  *Id*.

9    NVE alleges that it relied on that representation in sending 50 drawings to

10    BNI for review and acceptance, and that BNI accepted them, leading NVE to

11    manufacture a manipulator arm in accordance with its drawings.  *Id*. at 13.  In

12    subsequent years, NVE alleges that BNI did not comment on the surface finish,

13    even on other products, but that on May 16, 2014, a new BNI engineer provided a

14    comment that the surface finish should be 63 Micro-Inch Finish.  *Id*. at 13-14.

15    After reviewing an allegedly revised BNI document, NVE noticed that a reference

16    to surface finish had not been changed according to NVE's understanding, so NVE

17    requested that BNI change what NVE alleges was an inconsistency.  *Id*. at 14.  BNI

18    denied the request.  BNI references a "Non-Waiver" provision of the PO that

19    instructs NVE that "permission to proceed" does not equate to BNI's approval of

20    details and does not "relieve supplier from full compliance with contractual

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 8

1    obligations." ECF No. 27-3 at 7-8. BNI also argues that there are contract clauses

2    that NVE could have relied on to resolve ambiguities and the other issues without

3    filing this lawsuit.

4         Based on the foregoing and viewing the evidence in the light most favorable

5    to BNI, the nonmoving party, the Court concludes that genuine issues of material

6    fact have been raised regarding each of the three "impacts" alleged by Plaintiff. As

7    these allegations serve as the factual basis for NVE's motion regarding Count Five,

8    the Court denies summary judgment as to Count Five.

9         As an alternative basis for the Court's denial of summary judgment, if the

10   Court were to have found a breach of the purchase order (as a matter of law), the

11   Court would then have to determine the materiality of the breach. Both parties cite

12   to *Kiewit-Turner* and NVE concedes that:

13          a useful framework for analysis of whether a failure to render or to offer
            performance is material is the five-part test enunciated in *Restatement*
14          *(Second) of Contracts* § 241, and employed in the Civilian Board of
            Contract Appeals (CBCA) case of *Kiewit-Turner, J.V. v. Dep't of*
15          *Veterans Affairs*, CBCA 3450, 15-1 BCA ~ 35,820 at 175, 176 *(citing
            Larry v. U.S. Postal Serv.*, 472 F.3d 1363, 1367 (Fed. Cir. 2006)[)].

16   ECF 28 at 6.

17   Accepting arguendo, that NVE had established a lack of genuine issues of material

18   fact regarding whether a breach had occurred, the Court would need to analyze the

19   following five factors:

20

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 9

(a) the extent to which the injured party will be deprived of the benefit which he reasonably expected;

(b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;

(c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture;

(d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances;

(e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.

*Kiewit-Turner, A Joint Venture, Appellant*, 15-1 B.C.A. (CCH) ¶ 35820 (Dec. 9, 2014).

In order to analyze each of the five factors in relation to the present dispute, the Court would have to resolve factual disputes because of the factual nature of these factors. The Court notes that *Kiewit-Turner* involved a contract appeal and the decision came after eight days of testimony. The board's inquiry was fact-intensive rather than being resolved at the summary judgment stage. NVE argues that "since the facts here are much more favorable to the non-breaching party than in *KT*, the Court must hold for NVE and rule that BNI materially breached the contract." ECF No. 28 at 6. NVE's argument conflates the summary judgment standard with NVE's burden at trial. At the summary judgment stage, the Court is obligated to view the facts in the light most favorable to the non-moving party and consider whether BNI has produced evidence sufficient to create a genuine issue of material fact regarding each of the factors.

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 10

**(a) The extent to which the injured party will be deprived of the benefit which he reasonably expected**

NVE has not clearly alleged a lost benefit caused by any delay in the performance of the contract. As the PO has been altered, BNI presented evidence that the current value of the purchase order has increased by two million dollars above the original value. ECF No. 27-4 at 8. BNI alleges that as of January 9, 2017, it has paid NVE $5,891,043.63, approximately eighty-nine percent of the current PO price. *Id*. at 23. As NVE requests more money to account for alleged expenses with Requests for Equitable Adjustments (REA), BNI has responded with negotiations (pointing out Plaintiff's contradictory claims for expenses), and with substantial increases in the price of the PO. *See e.g.*, *id*. at 16, 21-22 and 43. Such facts suffice to create genuine disputes over issues of material fact, making summary judgment inappropriate.

**(b) The extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived**

As discussed above, NVE is being compensated due to delays and BNI has presented evidence that BNI is providing substantive responses to Plaintiff's requests for costs allegedly imposed by delays. ECF No. 27-4 at 43. Even if the Court accepts Plaintiff's contention that the various delays are due to BNI's "lack of direction" (contrary to the countervailing evidence), there is a genuine dispute regarding the reasonableness of Plaintiff's requests for equitable adjustments of the

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 11

cost of the PO. For example, BNI alleges that NVE is seeking reimbursement for a team of employees that NVE asserts was required to be on stand-by and unable to be re-deployed to other projects, but at the same time, NVE is asking for costs to re-familiarize those employees with the work covered by the PO. *See* ECF No. 27-4 at 43. Therefore, there is a factual dispute regarding whether NVE is being adequately compensated for delays.

As genuine issues of material fact remain regarding whether NVE is being deprived of any contractual benefit, whether NVE is being adequately compensated for delays, and which party is responsible for various delays, summary judgment is precluded.

**(c) The extent to which the party failing to perform or to offer to perform will suffer forfeiture**

The Court finds that this factor is inapplicable and neutral to the present inquiry. NVE argues that this factor "is easily met" because "the Department of Energy will not be giving up its ownership of the WTP following BNI's material breach either. The third prong is satisfied." ECF No. 28 at 8. Plaintiff's argument does nothing to establish the absence of a material factual dispute regarding the materiality of the breach it alleges.

**(d) The likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances**

NVE alleges a

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 12

1    history of recalcitrance on the part of BNI to: (a) acknowledge that a
2    problem exists; (b) to have paid over two years' time significant
     amounts owed a small contractor; and (c) has no clue [sic] to what the
3    final cost of the WTP may be and likely will not be able to obtain
     sufficient Government funds to complete the project.

4    ECF No. 28 at 8.  To the contrary, as previously discussed, BNI has paid

5    significant amounts that have increased as the PO changes.

6        **(e) The extent to which the behavior of the party failing to perform
          or to offer to perform comports with standards of good faith and
7          fair dealing**

8        In support of its argument that this factor weighs in favor of summary

9    judgment, NVE refers to various allegations of BNI misconduct, but fails to state

10   how those alleged instances were relevant to BNI's dealings with NVE.  ECF No.

11   28 at 8-9.  The record also contains evidence of BNI's attempts to work with

12   NVE's various requests and to encourage NVE to continue work under the PO.

13   *See e.g.,* ECF No. 27-2 at 8.  For example, despite NVE counsel's contention at

14   oral argument that BNI has not responded to NVE's requests for equitable

15   adjustments, BNI submitted evidence that they responded to an October 2014 REA

16   on February 6, 2015; June 18, 2015; and November 17, 2015.  *See* ECF No. 27-4 at

17   16, 21-22.

18       The Court has reviewed correspondence from BNI and finds that BNI has

19   raised genuine issues of material fact as to whether BNI violated standards of good

20   faith and fair dealing.  Viewing NVE's conclusory statements in conjunction with

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 13

BNI's countervailing evidence, the Court finds that material facts are disputed

regarding BNI's attempts to carry out the PO according to standards of good faith

and fair dealing.

Viewing Plaintiff's factual allegations pertaining to the three "impacts," and

considering the five factors above, the Court finds genuine issues of material fact

exist.  Based on the foregoing, the Court denies summary judgment as to Count

Five.

**Count VI: Anticipatory Repudiation of the Purchase Order**

NVE raises a similar claim for BNI's alleged failure to sufficiently respond

to Plaintiff's requests for "adequate assurances."  NVE relies on the UCC to state

that:

> [a] contract for sale imposes an obligation on each party that the other's
> expectation of receiving due performance will not be impaired.  When
> reasonable ground for insecurity arise with respect to the performance
> of either party, the other may in writing demand adequate assurance of
> due performance and until he [or she] receives such assurance may if
> commercially reasonable suspend any performance for which he [or
> she] has not already received the agreed return.

ECF No. 24 at 21 (citing REV. CODE WASH. 62.A-2-609(1)).  However,

Plaintiff's citation is inapposite, as NVE is seeking expectation damages,

and has not suspended performance.  Furthermore, "[a] claim of anticipatory

repudiation requires the aggrieved party to terminate the contract and file

1    suit." *Haddon Hous. Assocs., Ltd. P'ship v. United States*, 711 F.3d 1330,

2    1339 (Fed. Cir. 2013) (citing *Williston* § 39:32).

3         In Plaintiff's motion, NVE unequivocally states that NVE is

4    continuing performance under the PO.  At the hearing on this motion,

5    Plaintiff's counsel conceded that NVE refuses to terminate the contract at

6    this time, a prerequisite to prevailing on Count Six.  Instead, counsel stated

7    that he is not pursuing this claim "as vigorously" as he is arguing for

8    summary judgment on Count Five.  The Court finds that NVE has failed to

9    demonstrate that NVE would prevail on this claim as a matter of law.

10   Therefore, the Court denies summary judgment regarding Count Six.

11        Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for

12   Partial Summary Judgment, **ECF No. 24**, is **DENIED**.

13        The District Court Clerk is directed to enter this Order and provide copies to

14   counsel.

15        **DATED** March 9, 2017.

16                                          *s/ Rosanna Malouf Peterson*
                                          ROSANNA MALOUF PETERSON
17                                          United States District Judge

18

19

20

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 15